NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO PAZ-SILVA, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-3294 <br><br> Agency No. <br> A205-763-867 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026[**]
San Francisco, California

Before: WARDLAW, BRESS, and SANCHEZ, Circuit Judges.

Fernando Paz-Silva, a native and citizen of Mexico, petitions for review of a

Board of Immigration Appeals (BIA) decision dismissing his appeal of an

Immigration Judge's (IJ) order denying his applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT).[1] We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* As here, "[w]hen the BIA affirms and adopts an IJ's decision, this court reviews the decision of the IJ." *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the denial of withholding of removal. In his counseled briefs before the BIA and this court, Paz-Silva failed to challenge the IJ's determination that he did not establish a probability of future persecution. Paz-Silva therefore failed to exhaust, and has now forfeited, any arguments against this dispositive basis for the IJ's decision. *See* 8 U.S.C. § 1252(d)(1); *Hernandez-Ortiz*, 32 F.4th at 804 n.1.

Regardless, the IJ did not err in denying withholding of removal. To establish entitlement to this form of relief, a petitioner must "prove that it is more likely than not" that he will be persecuted "because of" membership in a particular social group

---

[1] Paz-Silva did not challenge the IJ's denial of asylum before the BIA or in his opening brief in this court. That claim is accordingly unexhausted and forfeited. *See* 8 U.S.C. § 1252(d)(1); *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 n.1 (9th Cir. 2022) (Issues not raised in opening brief are forfeited.).

or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A). Paz-Silva claims he fears persecution based on his membership in a proposed social group consisting of "a person that has been in the United States for many years and recently suffered a deportation/removal and who has family in the United States and who are citizens of the United States." But the IJ correctly determined that this proposed group is not cognizable because it is overbroad and lacks particularity. *See, e.g.*, *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237–38 (BIA 2014); *Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam).

In addition, substantial evidence supports the IJ's alternative conclusion that Paz-Silva failed to establish a probability of future persecution. Paz-Silva concedes he did not suffer past persecution in Mexico. In addition, as to future persecution, Paz-Silva was not aware whether the police who extorted him and his companions at a party in 1995 were still alive, and he has not seen these police officers since that incident thirty years ago. Although Paz-Silva's brother was killed by a gang in Mexico in 2003 or 2004, and his family was threatened, Paz-Silva testified that the individuals harming his family never mentioned him by name. Paz-Silva also confirmed that no one has threatened him or his family since 2003 or 2004. In these circumstances, substantial evidence supports the IJ's conclusion that Paz-Silva did not face a probability of persecution if removed to Mexico.

25-3294

2.    Substantial evidence supports the denial of CAT relief.  "The Convention Against Torture provides mandatory relief for any immigrant who can demonstrate that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023)).  Here, Paz-Silva was not previously tortured in Mexico.  Nor did he produce evidence suggesting that he was likely to be tortured by Mexican government officials or by a private actor "with the consent or acquiescence of a public official." *Barajas-Romero*, 846 F.3d at 361 (citing 8 C.F.R. § 208.18(a)(1)).  Although Paz-Silva submitted evidence showing that Mexico suffers from gang violence, "generalized evidence of violence and crime in Mexico is not particular to [Paz-Silva] and is insufficient to meet" the standard for CAT relief.  *Delgado-Ortiz*, 600 F.3d at 1152.

**PETITION DENIED.**[2]

---

[2] Paz-Silva's motion to stay removal, Dkt. 2, is denied.